# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYSON FOODS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-279-RAW |
| | ) |
| ROUTH ENTERPRISES, INC., and | ) |
| EMCASCO INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of the defendant Emcasco Insurance Company ("EMC") to dismiss. As the court reads plaintiff's complaint, it lists four causes of action, two solely against movant, one solely against defendant Routh Enterprises, Inc., and one (Count III) arguably against both defendants. The claims against EMC involve breach of contract and bad faith. To survive a motion to dismiss under Rule 12(b)(6) F.R.CV.P., a plaintiff must plead facts sufficient to state a claim to relief that is plausible on its face. *Albers v. Bd. of Cnty. Comm'rs of Jefferson City,* 771 F.3d 697, 700 (10th Cir.2014).[1]

Previous litigation in this court (CIV-12-148-RAW) arose out of a construction project at Tyson's facility in Broken Bow, Oklahoma. Avimael Martinez, an employee of Routh Enterprises, was injured during the course of that project. Mr. Martinez sought to recover from Tyson for various negligence claims. Tyson filed a third-party complaint

---

[1] In the motion, EMC also argued for dismissal under Rule 12(b)(5) for improper service. This aspect of the motion has been withdrawn. (#26 at 1 n.1).

against Routh, asserting Routh was required to indemnify Tyson under terms of the construction contact.

This court granted Tyson's motion for summary judgment, finding that it was immune from all plaintiff's claims pursuant to 85 O.S. §12.[2] The court found Tyson's third-party claim against Routh (and Routh's counterclaim against Tyson for subrogation) to be moot. Plaintiff Martinez filed a notice of appeal, but the appeal was dismissed prior to any Tenth Circuit decision.

In the present case, plaintiff Tyson names EMC as defendant and asserts that (under a contract of insurance between EMC and Routh) EMC owed a duty to defend Tyson in the earlier litigation. The complaint alleges that Tyson was named as an additional insured and a covered indemnitee for the services Routh provided to Tyson. Plaintiff alleges that its status as an additional insured was confirmed by a certificate of liability insurance provided to Tyson from EMC's agent (Archey-Warren-Dunn Insurance Agency).

EMC has attached to its motion what it represents to be a copy of the Policy (Exh. 1) and a copy of its standard Certificate of Liability Insurance form (Exh. 2). EMC asks the court to consider these documents without converting the motion to one for summary judgment.

In the Tenth Circuit, a district court may consider documents (1) referenced in a complaint that are (2) central to a plaintiff's claims, and (3) indisputably authentic when

---

[2] The comparable provision now is 85 O.S. §302.

2

resolving a motion to dismiss without converting the motion to one for summary judgment. *Thomas v. Kaven,* 765 F.3d 1183, 1197 (10th Cir.2014). In its response, plaintiff objects that it <u>does</u> dispute the authenticity of the attached documents, because they are not supported by an authenticating affidavit.

This presents a dilemma, although the court here speaks generally and not regarding plaintiff's counsel in the case at bar. The purpose of allowing courts to consider undisputed documents is that "[i]f the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff had relied." *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1385 (10th Cir.1997). A denial of the authenticity of the documents a defendant presents could produce the same result. Some courts have held that unless a plaintiff disputes the "substantive validity" of the documents, rather than lack of authentication, the documents will be considered. Such cases are cited in *Prissert v. EMCORE Corp.,* 289 F.R.D. 342, 344-45 (D.N.M.2012), although they were found to be inapposite under the facts.

Exhibit 2 is a blank form, which movant agrees is not the actual document Tyson claims to possess. (#26 at 1 n.1). Nevertheless, the form language states that the Certificate "does not affirmatively or negatively amend, extend or alter the coverage afforded by the policies below." As to neither the Policy nor the Certificate, however, does plaintiff appear to challenge their substantive validity. That is, plaintiff does not claim that the documents which it saw are materially different from those before the court. Plaintiff also did not attach

3

any documents to its response. On the present record, the court concludes it may rule without converting the motion to one for summary judgment. The Policy before the court does not name Tyson as an additional insured. Further, the Certificate of Liability Insurance does not create coverage. *See True Oil Co. v. Mid-Continent Cas. Co.,* 173 Fed. Appx. 645, 650 (10th Cir.2006)("Thus, because True Oil was not made an additional insured under the policy, a contrary certificate of insurance does not extend coverage").

Alternatively, EMC relies upon 15 O.S. §221, a statute evidently not yet the subject of a published decision. Plaintiff alleges that under the contract for services between Routh and itself, Routh was required to procure insurance and indemnify Tyson. "Construction contracts usually transfer liability risks to contractors and downstream subcontractors by way of indemnification and insurance requirements." Nierengarten, *New ISO Additional Insured Endorsements* (2014)(available at Westlaw, 44-FALL BRIEF 30). In recent years, such arrangements have seen the rise of state "anti-indemnification" statutes. Some of those statutes make a distinction. "Most anti-indemnification statutes allow the reallocation of risk to an indemnitor's insurer, so that while an indemnification agreement may be voided by statute, a separate promise to procure insurance designed to shift the same risk is enforceable and unaffected by statutory bars." 3 *Bruner & O'Connor on Construction Law,* §10:91 (2014).[3]

---

[3] The Westlaw database is BOCL.

4

The Oklahoma statute does not, however, draw this distinction. It provides that (subject to the exceptions in subsection C or D) "a construction agreement that requires an entity or that entity's insurer to indemnify, <u>insure</u>, <u>defend</u> or hold harmless another entity against liability . . . which arises out of the negligence or fault of the indemnitee . . . is void and unenforceable as against public policy." 15 O.S. §221(B) (emphasis added).

Plaintiff responds that the exception in subsection C applies. That subsection provides that the statute does not bar an indemnity agreement, but that "such indemnification shall not exceed any amounts that are greater than that represented by the degree or percentage of negligence or fault attributable to the indemnitor. . . . " In other words, plaintiff argues, the statute permits indemnification agreements up to the amount of negligence or fault attributable to the indemnitor, which is Routh in this case. To the extent this is correct, subsection C uses the word "indemnify"". The words "insure" and "defend", which appear in subsection B, are not repeated in subsection C. By its terms (in the court's reading), 15 O.S. §221(B) bars plaintiff's claims against an insurer such as EMC.[4]

Plaintiff alleges that EMC initially offered to provide a defense (#3 at ¶23) but withdrew the offer after a dispute about separate counsel (*Id* at ¶25). Plaintiff alleges estoppel based on these allegations (*Id.* at ¶42). This claim is rejected as well, because Oklahoma law holds that waiver and estoppel are inapplicable to the creation of a contract.

---

[4]Because EMC had no duty to defend, plaintiff's claim for bad faith also fails. In any event, the tort does not prevent the insurer from reasonably withholding payment or litigating a legitimate dispute. *See Porter v. Okla. Farm Bureau Mut. Ins. Co.,* 330 P.3d 511, 518 (Okla.2014).

5

*Inola Mach. & Fabricating Co. v. Farmers New World Life Ins. Co.,* 631 F.2d 712, 715 (10th Cir.1980).

Finally, the court does <u>not</u> adopt EMC's argument that plaintiff's claim should be dismissed because this court found Tyson immune from liability to Mr. Martinez in the previous litigation. The issue of immunity under the workers' compensation law must be litigated, which requires defense counsel. An ultimate finding of immunity does not operate retrospectively to negate a duty to defend, if one independently existed.

It is the order of the court that the motion to dismiss of defendant Emcasco Insurance Company (#13) is hereby granted.

**ORDERED THIS 3rd DAY OF FEBRUARY, 2015.**


**Dated this 3rd day of February, 2015.**


Ronald A. White
United States District Judge
Eastern District of Oklahoma