# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYSON FOODS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-279-RAW |
| | ) |
| ROUTH ENTERPRISES, INC., and | ) |
| EMCASCO INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of the defendant Routh Enterprises, Inc. ("Routh") to dismiss. As the court reads plaintiff's complaint, it lists four causes of action, one solely against movant, two solely against defendant Emcasco Insurance Company, and one (Count III) arguably against both defendants. The claims against Routh involve breach of contract. To survive a motion to dismiss under Rule 12(b)(6) F.R.CV.P., a plaintiff must plead facts sufficient to state a claim to relief that is plausible on its face. *Albers v. Bd. of Cnty. Comm'rs of Jefferson City,* 771 F.3d 697, 700 (10th Cir.2014).

Previous litigation in this court (CIV-12-148-RAW) arose out of a construction project at Tyson's facility in Broken Bow, Oklahoma. Avimael Martinez, an employee of Routh Enterprises, was injured during the course of that project. Mr. Martinez sought to recover from Tyson for various negligence claims. Tyson filed a third-party complaint against Routh, asserting Routh was required to indemnify Tyson under terms of the construction contact.

This court granted Tyson's motion for summary judgment, finding that it was immune from all plaintiff's claims pursuant to 85 O.S. §12.[1] The court found Tyson's third-party claim against Routh (and Routh's counterclaim against Tyson for subrogation) to be moot. Plaintiff Martinez filed a notice of appeal, but the appeal was dismissed prior to any Tenth Circuit decision. In the present case, plaintiff Tyson asserts that (under a contract for services between Tyson and Routh) Routh had a duty to procure insurance and defend Tyson in the earlier litigation.

First, Routh makes a valiant effort to establish that plaintiff's claim is barred by *res judicata* based upon the previous litigation. Under Oklahoma law, claim preclusion requires a final judgment on the merits of an action. *See State of Okla. ex rel. Dep't of Transp. v. Little,* 100 P.3d 707, 720 n.47 (Okla.2004). As the Tenth Circuit has noted "it is well-established in other jurisdictions that a dismissal on the grounds of mootness effectively indicates that the ruling court lacked jurisdiction over the matter, and thus the dismissal does not operate as a ruling on the merits of the action, even if the ruling nominally indicates otherwise." *Wisznia v. City of Albuquerque,* 135 Fed. Appx. 181, 187 (10th Cir.2005). Routh

---

[1] The comparable provision now is 85 O.S. §302.

protests that *Wisznia* was decided under New Mexico law, but has not indicated that Oklahoma law is to the contrary.[2] Rather, this appears to be an axiomatic point of law.[3]

Alternatively, Routh relies upon 15 O.S. §221, a statute evidently not yet the subject of a published decision.[4] Plaintiff alleges that under the contract for services between Routh and itself, Routh was required to procure insurance and indemnify Tyson. "Construction contracts usually transfer liability risks to contractors and downstream subcontractors by way of indemnification and insurance requirements." Nierengarten, *New ISO Additional Insured Endorsements* (2014)(available at Westlaw, 44-FALL BRIEF 30). In recent years, such arrangements have seen the rise of state "anti-indemnification" statutes. Some of those statutes make a distinction. "Most anti-indemnification statutes allow the reallocation of risk to an indemnitor's insurer, so that while an indemnification agreement may be voided by statute, a separate promise to procure insurance designed to shift the same risk is enforceable and unaffected by statutory bars." 3 *Bruner & O'Connor on Construction Law,* §10:91 (2014).[5]

---

[2] Federal courts look to the law of the state in which the federal diversity court sat to determine the preclusive effect of a federal diversity judgment. *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 986 (10th Cir.2002).

[3] To the extent Routh places weight upon the fact that this court entered a Rule 58 judgment as to the entire case, this argument is also rejected. The Tenth Circuit requires the entry of a judgment even when the dismissal is not based on the merits. *See Warren v. Am. Bankers Ins.,* 507 F.3d 1239, 1243 (10th Cir.2007).

[4] In a companion order, the court repeats much of the following discussion in ruling on the motion to dismiss of defendant Emcasco Insurance Company.

[5] The Westlaw database is BOCL.

The Oklahoma statute does not, however, draw this distinction. It provides that (subject to the exceptions in subsection C or D) "a construction agreement that requires an entity or that entity's insurer to indemnify, <u>insure</u>, <u>defend</u> or hold harmless another entity against liability . . . which arises out of the negligence or fault of the indemnitee . . . is void and unenforceable as against public policy." 15 O.S. §221(B) (emphasis added).

Plaintiff argues that this provision does not apply because it was "fault-free" with regard to Mr. Martinez's accident. The determinative document, however, is the amended petition in CIV-12-148-RAW, in which claims of negligence are alleged against Tyson and Tyson alone. The concept of an obligation to procure insurance or a duty to defend is based upon the allegations in a lawsuit, not the "truth" of who was at fault – that is the question to be litigated. The court finds §221(B) does apply and bars Tyson's claim that Routh had an obligation to procure insurance.

Plaintiff also incorporates its response to Emcasco's motion, in which plaintiff argues that the exception in subsection C applies. That subsection provides that the statute does not bar an indemnity agreement, but that "such indemnification shall not exceed any amounts that are greater than that represented by the degree or percentage of negligence or fault attributable to the indemnitor. . . . " In other words, plaintiff argues, the statute permits indemnification agreements up to the amount of negligence or fault attributable to the indemnitor, which is Routh in this case. This appears to be correct; however, under the result in CIV-12-148-RAW, the "amount of negligence or fault attributable" to Routh was zero.

4

That litigation is concluded and under the terms of the contract (read in conjunction with §221(C)), plaintiff's claim – including for attorney's fees and costs resulting from the previous action -- is extinguished.[6]

It is the order of the court that the motion to dismiss of defendant Routh Enterprises, Inc. (#15) is hereby granted.

**ORDERED THIS 3rd DAY OF FEBRUARY, 2015.**


**Dated this 3rd day of February, 2015.**

*[signature]*
Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[6] Plaintiff proceeds only under the contract. (#24 at 2-3).